# CIRCUIT COURT OF LOUDOUN COUNTY

Chapman Brothers, L.L.C.

v.

Stile Stucco & Tile, Inc.,
and Arbor Landscapers, Inc.

November 10, 1999

Case No. (Chancery) 19238

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Petition of Chapman Brothers, L.L.C., to determine the validity of mechanics' liens asserted by the Defendants, Stile Stucco & Tile, Inc., and Arbor Landscapers, Inc. Chapman Brothers nonsuited as to Stile Stucco & Tile, Inc., before the hearing on October 28, 1999. On that date, evidence was presented by way of stipulation, and counsel for Chapman Brothers and Arbor Landscapers argued.

The issue in the case is whether Arbor Landscapers was required to notify the mechanics' lien agent pursuant to Va. Code § 43-4.01(C) before it could claim a lien. The aforesaid Code section requires such notice with respect to a "one- or two-family residential dwelling unit." The property in question is a single family dwelling but was being used as a model home and sales office when the memorandum of mechanics' lien was recorded by Arbor Landscapers.

Counsel could find no authority on the issue. I have likewise been unable to find any authority on point. After consideration of the language in the Statute, I find that the nature of the property governs and not the use to which it is being put. Therefore, because of the lack of notice, the mechanics' lien asserted by Arbor Landscapers is declared invalid.

Chapman Brothers and Arbor Landscapers stipulated to the following essential facts:

1. The building permit issued on November 17, 1997, for the subject property provides or recites the following:
"New Construction — Res. Single Family"
"Purpose SFD/Madison/Model Home"
"District: Single-Family Res."
"Lien Agent: Potomac Title & Escrow, 8216-C Old Courthouse Rd., Vienna, Va. 22182"

2. At the time the work was performed by Arbor Landscapers the property was used as a model home and sales office.

3. Arbor Landscapers never gave notice to the lien agent.

4. After Arbor Landscapers performed its work, Arbor Landscapers recorded a Memorandum for Mechanic's Lien Claimed by Subcontractor, claiming a lien for installation of concrete pavers on "Builder's model of residential home." It was recorded on August 26, 1998.

5. The property was subsequently conveyed to an individual person as a single family residence.

Va. Code § 43-4.01 provides in part that "no person ... may claim a lien under this title or file a memorandum or otherwise perfect and enforce a lien under this title with respect to a one-family or two-family residential dwelling unit if such person fails to notify any mechanics' lien agent identified on the building permit ... within thirty days of the first date that he performs labor or furnishes material to or for the building or structure."

The building permit and the memorandum of mechanics' lien both refer to the subject property as a residence. The building permit recites that it is a single family residence. The memorandum of mechanics' lien calls it a residential home. The structure was built as a single family residence. It merely had a temporary use as a model home and a sales office. It is a one family residential dwelling unit as contemplated by Va. Code § 43-4.01.

Although not exactly on point, I feel that *Orchard Glen East v. Prince William County*, 254 Va. 307 (1997), is instructive. In that case, our Supreme Court held that even though the owner of a duly recorded condominium development rented out the condominium units as apartments, as opposed to selling the individual units, it was proper to assess the development for real estate tax purposes based on the value of the individual units as separate parcels rather than on the value of the development as a single parcel actually used as an apartment complex. The Supreme Court focused on the actual development and recordation of individual condominium units rather than the use to which the owner put the units. Similarly, here the subject property was

always a single family residential unit which the owner decided to put to another temporary use.